**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK CORDREY, # R-17059,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-107-SMY |
| | ) |
| **NICK LAMB,** | ) |
| **C/O GOUNS,** | ) |
| **JOHN DOE (C/O),** | ) |
| **LIEUTENANT DACO,** | ) |
| **MAIN HARRIS,** | ) |
| **C. JENNY,** | ) |
| **JANE DOE 1 (Nurse),** | ) |
| **JANE DOE 2 (Nurse),** | ) |
| **and M. GOBLE,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark Cordrey, currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his need for medical treatment after he was attacked by his cellmate. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

On September 1, 2016, Plaintiff's cellmate attacked and stabbed him with a pen, injuring his left arm, right hand, and left leg. (Doc. 1 p. 7). Plaintiff pressed the panic button in his cell repeatedly during the attack, but nobody responded. At around 8:30 p.m., Plaintiff was called out of his cell to receive medication and the wing officer noticed that Plaintiff had blood on him from the wounds. However, the officer (whom Plaintiff identifies later in the Complaint as Goble),[1] delayed calling for help until the nurse departed. (Doc. 1, pp. 7-8).

Plaintiff told the nurse (Jane Doe 1) who issued his medications about his injuries, but she ignored him. (Doc. 1, pp. 7-8). After this nurse left, Plaintiff was taken to the Health Care Unit where he was treated and photographs were taken, but he was never given any pain medication.[2] (Doc. 1, p. 13). When Plaintiff returned from Health Care, he was placed in segregation under investigation status. (Doc. 1, pp. 7, 13, 30).

Plaintiff remained in segregation for about a week. During that time, he was denied all access to sick call, even when he submitted request slips directly to a nurse/medical technician (Jane Doe 2). (Doc. 1, pp. 7-8, 13). Despite his daily requests for medical care, Plaintiff was given no treatment for his pain or for the wounds while in segregation. His bandages were never changed, and the wounds were not cleaned. (Doc. 1, p. 7). The tip of the pen had broken off and was still embedded in Plaintiff's arm. He had to dig it out himself because he was never seen by a medical provider for follow-up treatment. (Doc. 1, p. 13).

Plaintiff also complains that he was denied protection from his cellmate and that officers failed to react in a reasonable time when he called for help during the assault. (Doc. 1, p. 7).

---

[1] On the page following Plaintiff's factual narrative of the attack and ensuing events, Plaintiff states that he believes Goble was the officer "who delayed Plaintiff['s] medical treatment once he notice[d] blood on him while in the housing unit." (Doc. 1, p. 8).

[2] Plaintiff does not identify the individual(s) who treated him when he first went to the Health Care Unit.

Plaintiff believes that Lt. Daco was the "reporting officer," Harris was the shift supervisor, and Jenny (whom he refers to as "Jennings" in the body of the Complaint) was the reviewing officer. (Doc. 1, p. 8). It appears that Plaintiff is naming these defendants as the officers on duty on the night he was attacked. Lamb and Gouns were wardens at Lawrence. Plaintiff alleges that they were deliberately indifferent to the actions of other staff who violated his rights. (Doc. 1, p. 8). Finally, Plaintiff asserts that he was denied his right to seek redress through the prison's grievance system, and claims that Lamb "retaliated" against him "unlawfully." (Doc. 1, p. 8).

Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against all Defendants, for deliberate indifference to Plaintiff's need for medical treatment of his stab wounds and pain after the September 1, 2016, attack by his cellmate;
>
> **Count 2:** Eighth Amendment claim against Defendants for failure to protect Plaintiff from his cellmate's attack;
>
> **Count 3:** Claim for denial of access to the prison's grievance procedure;
>
> **Count 4:** First Amendment retaliation claim against Lamb.

As discussed below, Count 1 shall proceed for further consideration against some of the defendants. However, Counts 2, 3, and 4 will be dismissed for failure to state a claim upon which relief may be granted.

### Count 1 – Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. The Seventh Circuit considers the following to be indications of an objectively serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give inmates the right to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's stab wounds and pain appear to have been serious and in need of prompt medical attention. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether the defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

Goble was allegedly the first person to notice that Plaintiff was injured, but he delayed taking Plaintiff to the Health Care Unit until after he received his regular medications from the nurse (Jane Doe 1). This alleged delay may support a deliberate indifference claim against Goble. Thus Count 1 will proceed against him.

Plaintiff alleges that he informed Jane Doe 1 about his injuries when she brought medication to his housing area shortly after the attack, but she refused to give him any treatment. After she left the area, Plaintiff was taken to the Health Care Unit where he received medical care. If Jane Doe 1 caused a delay in Plaintiff's treatment, she could be found to have been deliberately indifferent to his condition. Count 1 may therefore proceed against her. However, Plaintiff must identify Jane Doe 1 by name before she can be served with notice of the action or be directed to respond.

After Plaintiff was placed in segregation, he allegedly had several encounters with Jane Doe 2 during which he requested treatment for his injuries and pain and gave her written requests for medical attention. However, she gave him no treatment during that week and Plaintiff was not seen by any other health care provider. These allegations are sufficient to state a viable deliberate indifference claim. Count 1 will therefore proceed against Jane Doe 2 as well, once Plaintiff identifies her by name.

Plaintiff makes a general claim that Warden Lamb and Warden Gouns were deliberately indifferent to "staff misconduct and their actions of placing Plaintiff in segregation and making

living conditions and access to sick call hazardous to Plaintiff's health." (Doc. 1, p. 8). It appears that Plaintiff is attempting to hold Lamb and Gouns liable for the actions of other defendants who allegedly violated Plaintiff's rights. However, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). A supervisor such as a warden may only be held liable if he was "personally responsible for the deprivation of a constitutional right." *Id.*

Here, Plaintiff's factual allegations do not demonstrate that Lamb or Gouns were personally aware of his need for medical treatment on September 1, 2016 or during the following week. As such, there is no factual support for a deliberate indifference claim against either of them. Count 1 will therefore be dismissed as against Lamb and Gouns.

Similarly, Plaintiff does not claim that Daco, Harris, or Jenny (Jennings) were aware of his injuries and failed to take action to assist him in obtaining medical care. He merely implies that one or more of these individuals were on duty when he was attacked, and should have responded when he pushed the panic button. That type of inaction, however, does not suggest deliberate indifference. Failing to respond to a panic button despite having the duty to do so would amount to negligence at worse, but negligence does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Accordingly, Daco, Harris, and Jenny will also be dismissed from Count 1.

Plaintiff lists a single "John Doe" (Correctional Officer) among the defendants (Doc. 1, p. 2), but he does not mention this person in the statement of claim. (Doc. 1, pp. 7-8). Because Plaintiff does not associate any allegations of wrongdoing with this John Doe defendant, the Court is unable to discern whether Plaintiff may have a viable claim against him. John Doe will be dismissed from the action without prejudice.

**Dismissal of Count 2 – Failure to Protect**

Plaintiff alleges generally that prison officials failed to protect him from the assault by his cellmate. However, his factual allegations do not support a viable Eighth Amendment claim.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). But not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the inmate's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a failure to protect claim, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

As noted under Count 1, the failure to respond to the call button does not amount to deliberate indifference. Moreover, Plaintiff does not allege that he had any advance warning that his cellmate posed a threat to him or was likely to attack him, much less that he reported any threat or danger to any of the defendants. Accordingly, **Count 2** will be dismissed without

prejudice for failure to state a claim upon which relief may be granted.

## Dismissal of Count 3 – Grievances

Plaintiff also claims, without elaboration, that he "was denied his rights to seek redress from the prison through use of the prison grievance system." (Doc. 1, p. 8). Even if true, this allegation would not support a constitutional violation. It is well established that the mishandling of grievances or failure to respond to them does not implicate any constitutional right. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). **Count 3** will therefore be dismissed with prejudice.

## Dismissal of Count 4 – Retaliation

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Plaintiff claims that Lamb retaliated against him, but he does not provide any details. (Doc. 1, p. 8). The Complaint does not disclose what Lamb did that might be considered a retaliatory adverse action. Plaintiff mentions that he filed grievances (which is a protected First

Amendment activity), but he fails to explain how any of those grievances allegedly triggered a retaliatory act. Without any factual support, Plaintiff's bald assertion that Lamb "retaliated" is insufficient to state a claim upon which relief may be granted. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Therefore, **Count 4** will be dismissed without prejudice.

### Identification of Unknown Defendants

Plaintiff will be permitted to proceed with his claims in Count 1 against Jane Doe 1 and Jane Doe 2, but must identify them before they can be served with the Complaint. Where an inmate's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the inmate should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, while no viable claim has been stated against Warden Lamb in his individual capacity, the Clerk shall be directed to add the Warden of Lawrence Correctional Center as a Defendant, in the Warden's official capacity only. The Warden shall be responsible for responding to discovery aimed at identifying these unknown Defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of Jane Doe 1 and 2 are discovered, Plaintiff shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add the **WARDEN OF LAWRENCE CORRECTIONAL CENTER (Official Capacity)** as a Defendant in this action.

**COUNTS 2 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendants **LAMB, GOUNS, JOHN DOE, DACO, HARRIS,** and **JENNY** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **GOBLE** and **WARDEN OF LAWRENCE CORRECTIONAL CENTER (Official Capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **JANE DOE 1 or JANE DOE 2** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 22, 2018**

                  s/ STACI M. YANDLE
                  United States District Judge